# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

| | |
|---|---|
| TARA JEROME ) | |
| ) | Case No. 5:22-cv-1-TBR |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| CHRISTOPHER L. KNOWLTON AND ) | **PETITION FOR REMOVAL** |
| GEICO CASUALTY COMPANY ) | |
| ) | |
| Defendant ) | |

\*\*\*\*\*

## PETITION FOR REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant GEICO Casualty Company removes this action from the Circuit Court for Ballard County, Kentucky to the United States District Court for the Western District of Kentucky, Paducah Division.

**I.  THE STATE COURT ACTION**

1. On November 29, 2021, Plaintiff Tara Jerome filed a civil action in the Circuit Court for Ballard County, Kentucky styled as *Tara Jerome v. Christopher L. Knowlton and GEICO Casualty Insurance Company*, Case No. 21-CI-00075. Ms. Jerome alleges that her minor son was killed in an auto accident that occurred on May 16, 2021. She has asserted a loss of consortium claim against Christopher L. Knowlton, alleging that he negligently caused the collision. She has asserted a separate claim against GEICO Casualty Company ("GEICO") alleging that GEICO is liable for common law and statutory bad faith for its handling of her third-party loss of consortium claim. The entire state court file is attached hereto as Exhibit A.

2.  On December 5, 2021, the County Clerk returned service of process on GEICO via certified mail, proof of which is attached hereto as part of Exhibit A.

3.  This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, because original jurisdiction lies in federal court and the procedural requirements for removal are satisfied.

4.  Complete diversity exists between Plaintiff and the Defendants, and the amount in controversy exceeds $75,000.00. Moreover, GEICO is filing this petition within thirty (30) of service of the Complaint and the underlying action has been pending for less than one year. Accordingly, this action may be removed to this Court. *See* 28 U.S.C. §§ 1332, 1441.

### III. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

5.  This Court embraces the locality in which the state court action is now pending, and thus is a proper forum pursuant to 28 U.S.C. § 1441(a).

6.  No previous application has been made for the relief requested herein.

7.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff and filed with the Circuit Court for Ballard County, Kentucky.

8.  A filing fee of $350.00 has been tendered to the Clerk of this Court.

9.  This Notice of Removal is being signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

10. If any question arises regarding the propriety of removal, GEICO respectfully requests the opportunity to present a brief in support of their position that this case is removable.

### IV. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

11. Federal jurisdiction exists based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states, and there is a good faith

basis to believe that the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1441.

### A. Complete Diversity of Citizenship Exists

12. Plaintiff Tara Jerome is either a citizen of Kentucky or Illinois.[1] She lived in Kentucky for the last 8 years. (Proof of Ms. Jerome's Citizenship is attached hereto as Ex. B). She is registered to vote in Kentucky and identified herself as a resident of Wickliffe, Kentucky in a petition to be appointed personal representative of her minor son, which was filed on December 21, 2021. (See Ex. B). However, on November 23, 2021, she testified in a deposition that she is currently living in Metropolis, Illinois. (See Ex. B). It is presently unknown whether she intends to remain in Illinois indefinitely.

13. Defendant Christopher Knowlton is a citizen of Missouri. Plaintiff alleges in the Complaint that Mr. Knowlton is a resident of Missouri. (Complaint at ¶ 2). Mr. Knowlton holds a Missouri drivers' license, has a vehicle registered in his name in Missouri; he has a Missouri policy of insurance and he owns a home in Missouri that he purchased in October of 2021. (Proof of Mr. Knowlton's citizenship is attached hereto as Ex. C).

14. Defendant GEICO Casualty Company is a citizen of Maryland as it is incorporated in Maryland and its principal place of business is in Maryland. (Proof of GEICO Casualty Company's citizenship from https://egov.maryland.gov/BusinessExpress/EntitySearch/Business is attached hereto as Ex. D).

---

[1] Plaintiff has filed a motion to amend her complaint by adding the Estate of ▮▮▮▮▮▮▮▮▮▮. as a plaintiff. The motion is still pending and, accordingly, at the time of removal, the Estate of ▮▮▮▮▮▮▮▮▮▮. is not a party. However, if the Estate of ▮▮▮▮▮▮▮▮▮▮. becomes a party to this case, complete diversity will still exist. According to Ms. Jerome's Petition for the Appointment of a Personal Administrator (attached hereto as part of Ex. B), ▮▮▮▮▮▮ was a citizen of Kentucky at the time of his death.

### B. The Amount in Controversy Exceeds $75,000

15. The amount in controversy in this action exceeds the sum or value of $75,000.00, exclusive of interests and costs, satisfying the amount in controversy requirement of 28 U.S.C. § 1332(a)(1) and the notice of removal requirement set out in § 1446. *See, e.g., Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

16. The amount that Plaintiff seeks to recover in a judgment against Mr. Knowlton exceeds $75,000.00. Plaintiff is suing Mr. Knowlton for loss of consortium arising out of the death of her minor son. (Complaint at ¶ 6). She alleges that Mr. Knowlton was driving a pickup truck owned by Pamela Holt with her permission at the time of the accident and that Mr. Knowlton was covered by two policies of insurance issued by GEICO. (Complaint at ¶¶ 2, 8). The GEICO policy held by Mr. Knowlton at the time of the accident carries bodily-injury liability limits of $100,000.00 per person. The GEICO policy held by Ms. Holt at the time of the accident carries bodily-injury liability limits of $50,000.00 per person. (Certified copies of the policies are attached hereto as Ex. F). Plaintiff alleges that her claims against Mr. Knowlton obligate GEICO to pay the policy limits of both policies and that GEICO's refusal to pay the policy limits constitutes bad faith. (Complaint at ¶¶ 9 and 10). Plaintiff also seeks punitive damages against Mr. Knowlton. (Complaint at ¶ 7).

17. The amount that Plaintiff seeks to recover in a judgment against GEICO also exceeds $75,000.00. Plaintiff asserts that GEICO violated Kentucky common law and the Unfair Claims Settlement Practices Act in handling Plaintiff's loss of consortium claim against GEICO's insured. Although the Complaint does not specify the amount of damages claimed, Plaintiff seeks

damages for emotional distress, pain and suffering and attorneys' fees allegedly resulting from GEICO's conduct and she also seeks punitive damages. (Complaint at ¶ 11).

18.   In an analogous case, the Sixth Circuit held that the amount in controversy requirement had been satisfied where the plaintiff alleged that an insurance carrier had wrongfully denied an insurance claim worth $31,305.40 in violation of the UCSPA. *Heyman v. Lincoln National Life Insurance Company*, 781 Fed. Appx. 463, 472 (6th Cir. Jul. 18, 2019) (unpublished). In *Heyman*, the plaintiff argued that his claim for punitive damages under the UCSPA was too uncertain to be considered in calculating the amount in controversy. The Sixth Court disagreed. The Sixth Circuit noted that "[t]he Kentucky Supreme Court has recognized that a cause of action against an insurer for bad-faith violations of the UCSPA entitles the claimant 'to an instruction permitting an award of punitive damages'" and, therefore, claims for punitive damages must be considered in calculating the amount in controversy. *Id.*  In order to calculate an appropriate punitive-to-compensatory damages ratio, the court considered the value of the underlying claim. The court held that "'a conservative 2:1 punitive-to-compensatory ratio' might well be appropriate given that the plaintiff sought to prove that the insurance carrier unjustly deprived him of all insurance benefits for four months" and that he claimed to be entitled to an additional $31,305.40.00 in insurance proceeds. *Id.*

19.   In this case, Plaintiff seeks to prove that GEICO recklessly and willfully denied her claim by failing to pay her $150,000.00 in insurance proceeds. Under *Heyman*, this information alone is sufficient to meet the amount in controversy requirement. If Plaintiff proves that GEICO improperly denied her $150,000.00 claim, "'a conservative 2:1 punitive-to-compensatory ratio' might well be appropriate," *Heyman*, at 472, which in this case would amount to $300,000.00 in punitive damages. When added to the damages potentially flowing from Plaintiff's claim for

embarrassment, humiliation and emotional distress, the amount in controversy more likely than not exceeds $75,000.00.

### C. The Petition for Removal Is Timely Filed

20. This petition for removal is timely because it is being filed within thirty (30) days of the date that GEICO was served, which occurred on December 5, 2021. *See, e.g., Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999) ("For that reason, and as a matter of fairness to later-served defendants, we hold that a later-served defendant has 30 days from the date of service to remove a case to federal district court, with the consent of the remaining defendants."). The state-court action has been pending for less than one year.

### D. The Other Defendant Consents to Removal.

21. Christopher Knowlton, the other defendant named in the Complaint, consents to removal. (Consent to Removal is attached hereto as Ex. E).

**WHEREFORE**, Defendant GEICO Casualty Company respectfully requests that this Court assume jurisdiction over this action as if the Plaintiff had originally commenced this action with this Court.

Respectfully submitted,

*/s/ Charles H. Stopher*
Charles H. Stopher
BOEHL, STOPHER & GRAVES LLP
400 West Market Street, Suite 2300
Louisville, KY 40202
cstopher@bsg-law.com
Phone: (502) 589-5980
Fax: (502) 561-9400
*Counsel for GEICO Casualty Company*

## CERTIFICATE OF SERVICE

    The undersigned certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for each party to the above-entitled cause by enclosing this instrument in an envelope addressed to each such attorney at his/her last known address as shown below, with postage fully paid, and by depositing the envelope in a United States Post Office depository on the 3rd day of January, 2022.

Thomas K. Herren
Herren Law, PLLC
148 N. Broadway
Lexington, KY 40507
P: (859) 254-0024
tom.herren@herrenadams.com
*Counsel for Plaintiff*

Adam Towe
Williams & Towe Law Group, PLLC
PO Box 3199
London, KY 40743
Phone: (606) 877-5291
Fax: (606) 877-5294
adam@wftlaw.com
*Counsel for Christopher Knowlton*

                                                */s/ Charles H. Stopher*
                                                *Counsel for GEICO General Casualty Company*